United States District Court
District of Connecticut
FILED AT BRIDGEPORT
July 2, 20 15
Roberta D. Tabora, Clerk
By Tasha Oliver
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**COURT FILE NO.: CV -** _____

| | |
|---|---|
| SONIA KIRKLAND, LUIS VELEZ Jr.; | 3:15cv 1018 (SRU) |
| Plaintiff, | **VERIFIED COMPLAINT** |
| | **FOR DAMAGES** |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, SETERUS INC.; BENDETT & McHUGH, P.C. | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMES NOW**, the Plaintiff Sonia Kirkland and Luis O. Velez Jr. complaining of the defendant as

follows;

## INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Fair Debt Collection

   Practices Act, 15 U.S.C. §1692, Connecticut Unfair Trade Practices Act ("CUTPA"),

   Conn. Gen. Stat. § 42-110a, et seq.: Unconscionable and Deceptive Trade Practices. and

   Defamation of Character respectively.

## THE PARTIES

2. Plaintiff Sonia Kirkland and Luis Velez Jr. are now and at all times relevant to this

   action a natural person. Plaintiffs are a "Consumer" as that term is defined within 15

   U.S.C. §1692a(3).

1

3.   Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION (hereinafter "FNMA") is a source of residential mortgage credit in the U.S. secondary market. It has a principle place of business located at 3900 Wisconsin Avenue, NW Washington, DC 20016-2892.  Defendant FNMA are "debt collectors" as that term is defined by 15 USC§1692a(6).

4.   Defendant Seterus Inc. (hereinafter "Seterus") is a specialty loan servicing company. It has a principle place of business located at 14523 SW Millikan Way, Beaverton, OR 97005.  Defendant FNMA are "debt collectors" as that term is defined by 15 USC§1692a(6).

5.   Defendant Bendett & McHugh, P.C. is listed as attorneys. It has a principle place of business located at 160 Farmington Ave Farmington, CT 06032.  Defendant Bendett & McHugh, P.C. are "debt collectors" as that term is defined by 15 USC§1692a(6).

## JURISDICTION AND VENUE

6.   The US District Court DISTRICT OF CONNECTICUT has jurisdiction pursuant to 15 U.S.C. §1692 et, al, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, et seq. The court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state of Connecticut. Therefore venue is proper in the US District Court of Connecticut.

## FACTUAL ALLEGATIONS

7.  On or about May 3, 2007, Plaintiffs are alleged to incur a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15U.S.C. §1692a(5), namely a mortgage/note.

8.  On July 1, 2013 Plaintiff was alleged in default.

9.  On or about November 15, 2013 Mortgage Electronic Registration System allege they assigned, placed with, or otherwise transferred to Defendants for collection a debt while in default.  (See attached "Exhibit A").

10.  The purported Assignment of the debt alleges an entity named MERS assigned both a Mortgage and Note (debt).  However based upon the debt instrument (Mortgage) defendant "FNMA" relies upon such assignment is defective.  Specifically, the entity MERS is not a party named in the alleged debt instrument referred to as the "Note". Furthermore defendant "FNMA" owns documentation proves the Assignment is knowingly false and defective.

11.  On or about March 17, 2014 FNMA initiated a collection action in The Superior Court Judicial District of Fairfield at Bridgeport pursuant to Docket No: FBT-CV-14-6041590-S.. The debt collection action masquerading as a foreclosure action is an attempt to collect a debt as defined in §1692a(5). The action was filed by "BENDETT & McHUGH, P.C." in an attempt to collect an alleged debt. The debt collection action was filed by FNMA acting as a creditor when in fact they were not.

12.  On March 24, 2015 the Plaintiff served a Notice of Dispute pursuant to §1692g(1)(2) and Conn. Gen. Stat. § 42-110a, et seq. (see, "Exhibit B") The notice requires defendants "FNMA" and BENDETT & McHUGH, P.C. to validate the alleged debt,

and obtain verification from the creditor (see, §1692g).  Consequently, the Plaintiff has received no such validation of defendant's alleged debt.

13. The Plaintiff has not received proper disclosures as required by §1692g. The amounts alleged in the state collection case is adverse to amounts claimed in Plaintiff's consumer credit report. The amounts claimed in interest, fees, are in direct conflict with the debt instruments purportedly Plaintiff executed.

14. On July 23, 2014 Plaintiff appeared in the State Court. Due to emotional stress and anxiety brought on by Defendants action.  Plaintiff, Sonia Kirkland, suffered a stroke and was hospitalized for 4 days.

15. On or about October 10, 2014 The Superior Court Judicial District of Fairfield at Bridgeport dismissed defendants complaint for failure to prosecute the matter with due diligence.

16. On or about January 21, 2015 Defendants served plaintiffs with a summons and complaint in another attempt to collect on the same alleged debt Docket No: FBT-CV-15-60418047-S while refusing to verify and or validate their alleged debt.

17. The actions taken by the defendant "FNMA" are adverse to the written language contained in the debt instruments (Note and Mortgage) defendant relies upon. There is also a dispute as to the authenticity of the documents "FNMA" claims Plaintiff executed.

18. The above-detailed conduct by the Defendants has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt. The FDCPA, Connecticut Unfair Trade Practices Act ("CUTPA") relates to the defendants even if they were collecting a legitimate debt. Plaintiff alleges for the record that the defendants are NOT Creditors, Lenders, nor Mortgagees, and did the

defendant neither provide any credit or services to Plaintiff. Nonetheless, the defendant are "debt collectors" pursuant to 15 USC §1692a(6).

19.   For these reasons the Plaintiff should be afforded discovery and trial to determine the extent of liability as it relates to defendants "FNMA" and "BENDETT & McHUGH, P.C. Plaintiff "claims" significant harm, damages and injuries as a result of defendants' failure and or inability to obtain accurate, factual and reliable information regarding the alleged amount of the alleged debt. Additionally the Plaintiff is unable due to the failures of the defendants, to determine if there is a legitimate debt owed and if so, to whom.

<u>**CLAIM FOR RELIEF**</u>
<u>**FIRST CAUSE OF ACTION**</u>
<u>**Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, et seq.: Unconscionable and Deceptive Trade Practices.**</u>

20.   Paragraphs 1-19 are re-alleged as though fully set out herein.

21.   Plaintiffs are consumers as defined within Section 36a-800(2) and Sec. 36a-645(1) of the Creditors' Collection Practices. Defendants are a "Debt collection agency" as defined in  CT. Gen Stat § 36a-800(1).  Defendant's alleged debt is a consumer transaction, and consumer acts or practices in trade or commerce. This Act protects "consumers and legitimate business enterprises" by forbidding and declaring unlawful any "unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."

22.   Plaintiffs as a condition precedent sent Notice to the defendant in compliance within Section 36a-800 . Therefore the defendant was afforded ample opportunity to comply with the provisions set forth in section The Banking Law of Connecticut Chapter 669.

23.    The intentional acts of providing multiple erroneous, fabricated amounts allegedly due and owing constitutes an intentional, willful violation of the act. Plaintiffs even if

the debt was legitimate, could make no true accounting of the amounts alleged by defendants. Plaintiff on multiple occasions offered to pay the alleged debt if defendants could validate, and or provide a sensible computation of the amounts alleged to be due and owing.

24.   Notwithstanding, the defendant claims has any merit, and due to the defendant debt collectors misrepresentation of the character and amount of the alleged debt, Plaintiffs are/were unable to make a legal or lawful determination in an effort to possibly satisfy the alleged debt if legitimate.

25.   Plaintiff was significantly harmed by defendant's deceptive acts, oppression, abusive debt collection activities. Plaintiffs harm includes emotional distress, confusion, anxiety, significant harm to Plaintiffs consumer purchasing power, embarrassment, extension abusive litigation and costs, and humiliation.

26.   Defendants are therefore liable to Plaintiff, and Plaintiff is entitled to recover actual, compensatory damages and reasonable attorneys' fees.

## CLAIM FOR RELIEF
## SECOND CAUSE OF ACTION
## INVASION OF PRIVACY

27.   Paragraphs 1-26 are re-alleged as though fully set out herein. Defendant Seterus is a "debt collector" and a stranger to the Plaintiff. Plaintiff has no contractual relationship with defendant Seterus, and has never applied for credit or services with the defendant.

28.   On or about May 2013, defendant Seterus illegally obtained Plaintiff's consumer credit report(s). Defendant Seterus is not a creditor, therefore the illegal obtaining of Plaintiffs consumer credit reports constitutes a Tort claim for Invasion of Privacy.

29.   Plaintiff's right to privacy are also an enumerated Constitutional right, both in the State and Federal Constitution. Plaintiff has been damaged in that their proprietary, confidential, most personal information was unlawfully and illegally breached by defendant Seterus. Importantly Plaintiff is most concerned with the fact that Plaintiff "did not" provide their social security number(s) to the defendant Seterus. Plaintiff supports this assertion by the mere fact that no credit, application or services was applied nor received by the defendant Seterus.

30.   Plaintiff has a right to discovery, to determine where Defendant obtained their personal, private information from. Specifically Plaintiff will investigate through discovery where defendant obtained Plaintiff's social security number from, and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used. Defendant Seterus may also be guilty of identity theft under state and federal law.

31.   Therefore defendant Seterus is liable to Plaintiff for actual, punitive, consequential, compensatory damages in an amount determine at trial, or by the court.

**CLAIM FOR RELIEF**
**THIRD CAUSE OF ACTION**
**VIOLATION OF 15 USC 1692, FAIR DEBT COLLECTIONS PRACTICES ACT**

32.   Paragraphs 1-31 are re-alleged as though fully set out herein.

33.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

34.   Plaintiff is a "Consumer" as defined in 15 USC §1692a(3). Defendants FNMA are "debt collectors" as defined in 15 USC §1692a(6).  Defendants were attempting to collect a debt for household purposes  as defined in 15 USC § 1692a(5).

35.  Plaintiff served defendant with a Notice of Dispute in compliance with 15 USC§1692g. 15 USC 1692g requires defendants to provide Plaintiffs with verification of the alleged debt once received. 15 USC 1692g(5)(b) requires defendants to cease all collection activity until the debt collector obtains verification of the alleged debt. Defendants have failed to provide one scintilla of proof of their alleged debt. However defendants continue to make attempts at collection of the alleged debt through erroneous credit reporting.

36.  At no time prior to the commencement of the foreclosure action did the Lender demand "Immediate payment in Full", "accelerate the loan", thus defendant nor its predecessor were entitled to default interest and attorney fees.

37.  Defendant may have violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

   a.  Defendant may have violated §1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;
   b.  using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692f;
   c.  Defendant may have violated §1692(e) of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

38.  Specifically defendants FNMA knew it was not entitled to collect on the non-existent debt.

39.  Defendants were fully aware that each of them were/are unable to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to defendants.

40.   Therefore defendants may be liable to Plaintiffs for damages to his consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of stress mental and emotional distress, insomnia, embarrassment, loss of sleep, anxiety, and other related damages due to defendant's acts.

41.   Defendants therefore may be liable unto Plaintiffs pursuant to 15 USC§1692k in the amount of $1000.00 plus punitive, consequential, and actual damages

Respectfully submitted,

Dated: June 27, 2015

By: _____
        Sonia Kirkland, *Plaintiff*

_____
        Luis Velez, *Plaintiff*

41- Berkeley Place
Bpt. Ct. 06610

9

## CERTIFICATE OF SERVICE

I certify that a copy of the Summons and Complaint will be served upon defendant(s) parties listed below in compliance with FRCP Rule 4;

FEDERAL NATIONAL MORTGAGE ASSOCIATION
3900 Wisconsin Avenue,
NW Washington, DC 20016-2892

SETERUS INC.
14523 SW Millikan Way,
Beaverton, OR 97005.

Bendett & McHugh, P.C.
160 Farmington Ave
Farmington, CT 06032

Sonia C. Tulloch
Luis O Velez JR.

# EXHIBIT A
# ASSIGNMENT

BK: 8984 PG: 258
INST: 00002305

**CONNECTICUT**
TOWN OF BRIDGEPORT
LOAN NO. 9125961      [LB0028]

PREPARED BY: SECURITY CONNECTIONS, INC.
WHEN RECORDED MAIL TO: SETERUS, INC. 14523 SW MILLIKAN WAY BEAVERTON, OR 97005; PH: 503-223-5600

# ASSIGNMENT OF MORTGAGE

TO ALL PEOPLE WHOM THESE PRESENTS SHALL COME, GREETING THAT: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC., ITS SUCCESSORS AND ASSIGNS**, located at **P.O. BOX 2026 FLINT, MICHIGAN 48501-2026**, Assignor, for good and valuable consideration, the receipt of which is hereby acknowledged, does hereby assign, transfer, convey, and set over unto **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, located at **14221 DALLAS PARKWAY, SUITE 1000 DALLAS, TX 75254**, Assignee, it's successors and assigns, one certain Mortgage dated **MAY 03, 2007**, executed by **LUIS O. VELEZ JR. AND SONIA C. KIRKLAND**, Mortgagor, to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC., ITS SUCCESSORS AND ASSIGNS**, Original Mortgagee, and recorded in the land records on **MAY 08, 2007** in Volume **07482** at Page **0014** as Document No. **017717**, also the land with all the improvements thereon known as **41 BERKELEY PLACE BRIDGEPORT, CT 06610** and conveyed thereby, situated in the Town of **BRIDGEPORT**, State of **CONNECTICUT**, and more particularly described on said Mortgage referred to herein.

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this **NOVEMBER 15, 2013.**

                                                    **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

PAMELA STODDARD, VICE PRESIDENT

STATE OF IDAHO              COUNTY OF BONNEVILLE          ) ss.

On **NOVEMBER 15, 2013**, before me, **EMMETT GREEN**, personally appeared **PAMELA STODDARD** known to me to be the **VICE PRESIDENT** of the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

EMMETT GREEN (COMMISSION EXP. 05/31/2018)
NOTARY OF PUBLIC

> EMMETT GREEN
> NOTARY PUBLIC
> STATE OF IDAHO

RECEIVED FOR RECORD
   Jan 16,2014 03:44:00P
   ALMA L. MAYA
   TOWN CLERK
   BRIDGEPORT, CT

LB8040110IM - FAM - CT              Page 1 of 1              MIN: 100013800922322710
                                                            MERS PHONE: 1-888-679-6377

# EXHIBIT B
# CONSUMER NOTICE OF DISPUTE

## SUPERIOR COURT JUDICIAL DISTRICT OF
## FAIRFIELD at BRIDGEPORT

FEDERAL NATIONAL                 ) DOCKET NO: **FBT-CV14-6041590-S**
MORTGAGE ASSOCIATION             )
            *Alleged Plaintiff,*  )  **CONSUMER NOTICE OF**
                                 )  **DISPUTE OF DEBT**
        *vs.*                     )
                                 )
VELEZ, JR, LUIS O. Et Al;        )
            *Defendant in Error* )

LUIS O. VELEZ, pursuant to 15 USC§1692g, Fair Debt Collection Practices Act ("FDCPA") hereby disputes the alleged debt Plaintiffs claims in the above titled matter. Therefore this Notice shall be deemed a request/demand for "verification" and debt validation request as defined by 15USC 1692(g) (1)(2)(5)(b), and Connecticut Fair Debt Collection Practices Act § 36a-645 to 36a-648.

Defendants LUIS O. VELEZ hereby requests validation pursuant 15USC§1692. Specifically, We dispute as to the identity of the true owner (if any) of this alleged debt, the alleged amount due and owing, We dispute all signatures appearing on Plaintiff's unauthenticated hearsay documents, and the Plaintiffs alleged authority and capacity to collect and or sue on behalf of the same. Alleged Plaintiffs are "debt collectors" as that term is defined by 15 USC§1692a (6). Defendants LUIS O. VELEZ are a "consumer" as that term is defined by 15 USC§1692a (3). Plaintiff FEDERAL NATIONAL MORTGAGE ASSOCIATION is attempting to collect a "household debt" as that term is defined by 15 USC§1692a (5).

whereby Defendants reviewed their consumer credit reports upon viewing my whereby it was revealed SETERUS is reporting an alleged mortgage debt account. I request Plaintiff to delete the inaccurate information immediately pursuant to 15 USC§1681 *et*, al. Parties must comply with the requests timely and completely. Failure to provide the above documentation will result in Defendants LUIS O. VELEZ filing a counterclaim for damages accordingly.

Dated: 3 — 24 — 14

Luis O. Velez, *Defendant*